Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3356 | **DATE** | June 10, 2013 |
| **CASE TITLE** | Angel Espinoza vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff is directed to advise the court in writing, within 30 days, of the date of his release from the Cook County Jail, and the address where he was living when he filed this action. The Prison Litigation Reform Act provisions do not apply here, and Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The full filing fee is waived. The Clerk is instructed to issue a summons for service on Defendant Dart. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Dart. Defendant Cook County Department of Corrections is dismissed and John Doe Correctional Officers and Sheriff Tom Dart are added as Defendants. Plaintiff's motion for attorney representation [5], is denied without prejudice. The Clerk is instructed to alter the case caption to *Espinoza v. Dart*.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Pro se Plaintiff Angel Espinoza has brought a civil rights suit pursuant to 42 U.S.C. § 1983. He alleges that he was detained at the Cook County Jail from March 25, 2013 through April 23, 2013 in inhumane conditions including no heat, lack of hot water for showers, exposure to mold, rats, and bugs, and leaking rain water from the roof. Plaintiff has furnished a residence address in Chicago and a pro se appearance form [3], but he has also provided his Cook County Jail identification number.

The requirements of the Prison Litigation Reform Act (PLRA), apply only if Plaintiff filed this case while he was detained at the Cook County Jail. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). Plaintiff is not listed in the inmate locator websites for the Cook County Jail or for the Illinois Department of Corrections. The court concludes that Plaintiff filed this suit after being released from the Cook County Jail, and that the PLRA does not apply. Plaintiff is nevertheless directed to provide information in writing concerning the date of his release and where he was living when this suit was filed. The motion for leave to proceed *in forma pauperis* [4], is granted, and the filing fee is waived.

Plaintiff alleges that he was exposed to inhumane conditions of confinement at the Jail. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (explaining that exposure to cold temperatures and prolonged pest infestation violates the constitution). These allegations are sufficient to state a claim against any individual who was deliberately indifferent to the conditions–for

| STATEMENT |
|---|

example, a correctional officer who ignored Plaintiff's complaints. The court directs that John Doe Correctional Officer and Sheriff Tom Dart be named as Defendants. Plaintiff will be free to seek discovery from Mr. Dart concerning the identity of any correctional officers responsible for the circumstances he alleges. The Cook County Department of Corrections is not a suable entity, however, *Menedez v. Cook County Jail*, No. 12 C 8517, 2012 WL 5342384, at *1 (N.D. Ill. Oct. 26, 2012) (citing *Castillo v. Cook County Dep't of Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993)), and the court directs the Clerk to terminate the Cook County Jail as a Defendant.

Plaintiff should be aware that he cannot obtain damages from any Defendant unless he serves them (or obtains waivers of service) in accordance with FED. R. CIV. P. 4. Naming the officer as a John Doe is ultimately insufficient, because a correctional officer cannot be served unless he/she is identified by name. Once Sheriff Dart has been served and has appeared through counsel, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe Defendant who allegedly violated his constitutional rights. *See* FED. R. CIV. P. 33. After Plaintiff learns the identity of other Defendant[s], he may submit a proposed amended complaint naming them under their actual names so that summons issues, and then Mr. Dart will be dismissed. Because there is a two-year statute of limitations for civil rights actions; Plaintiff is encouraged to attempt to identify the Doe Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should Plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that because an amended pleading supersedes the original complaint, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk is instructed to issue a summons for service on Defendant Dart. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Dart. Defendant Cook County Department of Corrections is dismissed and John Doe Correctional Officers and Sheriff Tom Dart are added as Defendants.

Any service forms necessary for the Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, Cook County / Cook County Jail, shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by

| STATEMENT |
|---|

first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the vourt must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

     Plaintiff's motion for attorney representation [5] is denied without prejudice. Plaintiff has failed to make any attempts to secure counsel on his own. *Nevajar v. Iyiola*, __ F.3d __, No. 12-1182, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). He should contact law firms or other legal services organizations and request that they take his case for no charge. Any renewed motion for representation should detail Plaintiff's efforts at obtaining counsel, including, for example, copies of letters he receives from law firms and legal organizations responding to his requests for representation.